FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 24 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                                    DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HAYS, | )<br>) |
| Plaintiff, | ) Case No. 2:10-cv-0331-RCJ-PAL<br>) |
| vs. | )<br>) **ORDER** |
| HOWARD SKOLNIK, *et al.*, | )<br>) |
| Defendants. | ) |

Plaintiff, an inmate proceeding *pro se*, has submitted an Application to Proceed *in Forma Pauperis* and a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (#1). The Court has screened the complaint and finds that it must be dismissed.

**I.      Application to Proceed *in Forma Pauperis***

Based on the financial information provided, the Court finds that Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Screening Pursuant to 28 U.S.C. § 1915A**

The Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed

1  by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2  In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.   Screening of the Complaint

Plaintiff sues Howard Skolnik and Brian E. Williams in their official capacities for violation of his due process rights under the Fourteenth Amendment. Plaintiff claims that the defendants failed to give him 540 completion credits as mandated by state law. Plaintiff also claims that the Nevada Department of Corrections does not provide the completion credits to any person pursuant to Nevada law. Application of the credits would reduce the maximum term of his sentence and move up his mandatory parole hearing date. Plaintiff seeks application of 540 mandatory program completion credits toward his sentence.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id.* Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

A prisoner has a liberty interest when confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed

3

that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87; *Resnick v. Hayes*, 2000 WL 654114, at *5 (9th Cir., May 22, 2000).

A deprivation that affects the duration of a prisoner's sentence, such a the loss of good time credits may, in some circumstances, implicate due process concerns. *Sandin*, 515 U.S. at 477-78 (citing with approval *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (state-created interest in shortened prison sentence is an interest of "real substance")). Such a liberty interest is limited to circumstances in which time credits were revoked as a disciplinary action; however, such a claim is not cognizable under § 1983 unless the result of such disciplinary action has been previously overturned or otherwise invalidated. *Edwards v. Balisok*, 117 S.Ct. 1584, 1587 (1997). Moreover, the act of <u>revoking</u> time credits must be distinguished from the act of limiting a prisoner's ability to prospectively <u>earn</u> time credits. Prisoners have no liberty interest in earning work time credits or participating in work programs. *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

In the instant case, Plaintiff alleges that he "has actively sought available rehabilitative measures in earnest and has completed multiple 'Approved Correctional Programs.'" Although the defendants awarded Plaintiff discretionary, meritorious credits for his completion of these programs pursuant to NRS 209.449(2), Plaintiff claims that the defendants did not apply "completion credits mandated by NRS 209.449(1)." Plaintiff's liberty interest is limited to circumstances in which time credits were revoked in a disciplinary action, and only then if the disciplinary action was previously overturned or otherwise invalidated. That is not the situation in this case where Plaintiff's "completion credits" were never applied in the first place. Plaintiff has no liberty interest in participating in "Approved Correctional Programs" and therefore has no liberty interest in earning completion credits so as to reduce his sentence. Therefore, Plaintiff fails to state a claim upon which relief may be granted, and his claim must be dismissed.

**IV.    Conclusion**

Plaintiff's complaint fails to state a claim against the defendants upon which relief may be granted.

4

Because the Court finds that Plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief, and amendment would be futile, the complaint will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #81955), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.** The Clerk of the Court shall **CLOSE THIS CASE** and **ENTER JUDGMENT ACCORDINGLY.**

DATED: 05-24-10.

_____
UNITED STATES DISTRICT JUDGE

5